DEVOE & RAYNOLDS CO., INC., OF TEXAS v. JOHN P. STEGER LUMBER CO. (No. 3579.)

Court of Civil Appeals of Texas. Texarkana. July 26, 1928.

Rehearing Denied Aug. 2, 1928.

Frank A. Loftus, of Dallas, for appellant.

Cunningham & Lipscomb, of Bonham, for appellee.

WILLSON, C. J. (after stating the facts as above). ■ Appellee having filed a sworn plea denying that he or any one authorized to act for him executed the notes sued upon, the burden of proving to the contrary was on appellant. Harvey v. Harvey (Tex. Civ. App.) 40 S. W. 185. It conclusively appeared from evidence heard at the trial that the notes were executed by appellee's son, F. Steger. Therefore, to discharge the burden resting on it, it devolved upon appellant to prove that F. Steger was authorized, either expressly or impliedly, to act for appellee in executing the notes; or, if he was without authority to execute the notes, that appellee ratified his act in doing so. It is not claimed by appellant that it adduced proof requiring a finding that authority to execute the notes was ever expressly conferred by appellee on F. Steger. Appellant's contention is that it discharged the burden resting upon it by adducing evidence requiring a finding that F. Steger was impliedly authorized to execute the notes, or, if not that, a finding that appellee ratified the act of said F. Steger in executing the notes.

■ The contention, so far as it is that the evidence required a finding that F. Steger was impliedly authorized to execute the notes, is on the theory that it appeared that at the time he made the notes said F. Steger was in charge of appellee's business, and that in conducting same it was necessary that he should make the notes. The contention ignores testimony of appellee as a witness that he himself was in charge of the business all the time; that F. Steger was never in charge of same; and that he (appellee) thought F. Steger was in Paris building a schoolhouse at the time he executed the notes. Paris is in Lamar county. A fair inference from the evidence was that appellee's business was carried on in Fannin county. If it was and the notes were executed in Paris, the fact was in-

consistent (the trial court had a right to say) with appellant's contention that they were made at a time when F. Steger had charge of appellee's business.

The contention, so far as it is that it appeared that appellee had ratified the act of F. Steger in making the notes if same was unauthorized, is based (mainly) on a letter purporting to have been written June 3, 1926, by appellee to appellant, in which the latter was requested to send the former "a list of each note and interest" he owed it; promising, when the information was received, to "send check for at least one of the notes and interest" and to "take care of the other two in a very short time." With reference to the letter appellee as a witness testified as follows:

"It is only my letterhead, but I didn't write that letter. The bookkeeper might have done it, or I might have told him to do it, something of that sort. I knew I owed them some money, and I would have paid it, but they owed me and I wanted a settlement. I don't know what I owed them. I might not have owed them a nickel."

Considering the testimony just quoted is in connection with appellee's further testimony that he did not (quoting) know anything about these notes "until they sued me," we do not think the trial court was bound to construe it as meaning anything more than that appellee, desiring a settlement of accounts between him and appellant, directed his bookkeeper to write appellant for a statement of its account. Certainly, if appellee did not know anything about the notes until he was sued on them in 1927 (when the suit was commenced), he did not write or have his bookkeeper write about them in 1926, when the letter referred to purported to have been written.

We are not prepared to say the trial court did not have a right to conclude that appellant had failed to discharge the burden of proof resting upon it, and therefore will affirm the judgment.